(119 App. Div. 84)

CAMDEN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

EVIDENCE—MAPS—PRELIMINARY EVIDENCE FOR AUTHENTICATION.

In an action for damages from the absorption of subsurface waters on plaintiffs' premises, due to the operation of a pumping plant by defendant, defendant claimed that the premises were too far from the plant to be affected, and to sustain such contention introduced in evidence a map which defendant's engineer testified was made by another person under the direction of the witness, and that witness was familiar with the country, and that the map was correct. *Held*, that the admission of the map was error, as having no more probative force than the unsworn statement of the one who made it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1656.]

Appeal from Trial Term, Queens County.

Action by John Camden and another against the city of New York. Plaintiffs appeal from a judgment in favor of defendant, and from an order denying a motion for a new trial. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Charles Coleman Miller, for appellants.

James D. Bell (James W. Covert, on the brief), for respondent.

MILLER, J. This case comes to this court on a bill of exceptions. The action is to recover damages resulting from the absorption of the subsurface waters on the plaintiff's premises, due to the operation of a pumping plant by the defendant. The defendant claimed that the plaintiff's premises were located too far from its station to be affected, and to show this was permitted to put in evidence a map made pursuant to the direction of its engineer. There was no evidence to show that the distances indicated by the map were correct. Said engineer testified that the survey was made under his direction, that he sent out a party who took the measurements and made the map, that he was familiar with the country, and that the map was correct. The respondent contends that there is a presumption that the measurements were correctly made and accurately indicated by the map; but the cases cited in support of the contention have no application to the question here. The map had no more probative force than the un-

verified statement of the men who prepared it, and its admission in evidence was error, requiring a reversal of the judgment.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.